IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ANNA P. BONDAR,                                      CV 07-6064-TC

        Plaintiff,                              FINDINGS AND
                                                     RECOMMENDATION
   v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

        Defendant.


COFFIN, Magistrate Judge:

### BACKGROUND

Plaintiff, Anna Bondar, brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits under the Social Security Act.

1 - FINDINGS AND RECOMMENDATION

Plaintiff was born in the Ukraine in 1958. She has a high school education and training in accounting from the Ukraine, but is unable to communicate in English. She alleges disability based on a combination of impairments, including a closed head injury suffered in a motor vehicle accident, chronic vertigo, episodic syncope, dizziness, lower back pain, headaches, depression and a loss of sense of smell.

On appeal to this court, plaintiff contends the ALJ erred by: (1) improperly rejecting the opinions of treating and examining doctors; (2) improperly rejecting plaintiff's testimony; (3) failing to consider plaintiff's need to lie down; (4) disregarding relevant lay testimony; (5) failing to consider the severity of plaintiff's mental impairments; and (6) failing to consider psychologically based symptoms. In the Reply, plaintiff specifically contends for the first time that the ALJ erred by not finding that plaintiff's condition equals Listing 12.04.

For the following reasons, the Commissioner's decision should be reversed and remanded for further proceedings.

## STANDARD OF REVIEW

The initial burden of proof rests on the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. Andrews, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

## **DISABILITY ANALYSIS**

The Commissioner has established a five-step sequential process for determining whether a person is disabled. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. See <u>Tacket v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden shifts to the Commissioner, at step five, to identify jobs existing in significant numbers in the national economy that the claimant can perform. <u>Id.</u>; <u>see also</u> 20 C.F.R. § 404.1560(c)(2).

Here, at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. See 20 C.F.R. § 405.1520(b).

At step two, the ALJ found that plaintiff had the following severe impairments: a closed head injury and depression. See 20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that plaintiff's impairments did not meet or equal the requirements of a listed impairment. See 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).

The ALJ assessed plaintiff with the residual functional capacity (RFC) to perform work that does not require more than occasional bending, does not require sudden head movements, does not involve working around hazards, does not involve prolonged public interaction, does not require reading or speaking English,

4 - FINDINGS AND RECOMMENDATION

and does not require a sense of smell. See 20 C.F.R. §§ 404.1520(e), 404.1545, 404.1567.

At step four the ALJ found that plaintiff was no longer able to perform her past relevant work because it was not considered past relevant work. ("The claimant was an accountant in Russia, but this is not considered past relevant work in the national economy." TR. 16.) See 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f).

Relying on a vocational expert at step five, the ALJ found that plaintiff could perform other work existing in significant numbers in the national economy as an electronics assembler, circuit board assembler, and product assembler. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g).

## DISCUSSION

Plaintiff argues that the opinion of a Dr. Wolf should have been given greater weight due to the fact that he is the only physician in this case that is able to communicate with plaintiff in her native language and not through use of an interpreter as other doctors were required to do. Plaintiff argues that Dr. Wolf treated plaintiff on numerous occasions and came to the conclusion after performing a Mental Residual Functional Capacity report (MRFC) that plaintiff is markedly limited in certain areas. (Such areas are described in more detail below.)

Plaintiff argues that Dr. Wolf is the only treating physician that performed an MRFC and that to disregard a treating physician's opinion for opinions of physicians who only reviewed medical records and did not examine the patient is not only unreasonable, but improper. Plaintiff argues that the ALJ's failure to give specific, legitimate reasons for rejecting treating Dr. Wolf's opinion is reversible error and the opinion should be credited as a matter of law. P.p. 1-2 of Reply(#12).

The relative weight given to the opinion of a physician depends on the physician's opportunity to observe and to get to know the patient as an individual. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). The opinion of a treating physician deserves more weight than that of an examining physician, and a non-examining physician's opinion receives the least weight. Id.; see also Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996). The ALJ must provide specific and legitimate reasons, supported by substantial evidence in the record, for rejecting the opinion of a claimant's physician. Lester, 81 F.3d at 830.

Dr. Wolf

Solomon Wolf, M.D., an Adjunct Assistant Professor of Psychiatry at Oregon Health Sciences University, gave plaintiff a comprehensive psychiatric evaluation in March of 2004. TR 149. He found that plaintiff's mood and affect were "sad," that "[a]

6 - FINDINGS AND RECOMMENDATION

pattern characteristic of decreased mental endurance was noticed" and that "[t]here were no signs of embellishment or aggravation of symptoms." TR 151-152. Dr. Wolf found plaintiff has "a history and presentation consistent with the diagnosis of mental disorder due to sequelae of head injury with severe asthenic syndrome, post traumatic headaches, anosmia, cognitive impairment and affective changes. Her cognitive functioning is remarkable for impaired short-term memory and abstraction associated with impaired concentration and mental endurance and intact judgment and insight. She also shows signs of depressive disorder of moderate degree. The latter developed in the context of head injury, significant socio-economic changes and hormonal changes related to menopause." TR 152. "I believe that due to the aforementioned problems, Mrs. Bondar will not be able to sustain stresses of gainful employment with an 8-hour working day and day-to day work activities in the nearest 12 months. TR 152-153.

Dr. Wolf also filled out a Mental Residual Function Capacity Report. In the Understanding and Memory section of such report, he checked the "Markedly Limited" box for the category of "The ability to understand and remember detailed instructions." TR 154. In the Sustained Concentration and Persistence section of the report, he checked "Markedly Limited" for the categories of "The ability to carry out detailed instructions," "The ability to maintain attention and concentration for extended periods,"

7 - FINDINGS AND RECOMMENDATION

and "The ability to complete a normal workday and workweek without interruptions for psychologically based symptoms and to perform at a consistent pace without unreasonable number and length of rest periods." TR 152-153.

<u>The ALJ and Dr. Wolf</u>

The ALJ did not mention Dr. Wolf by name in his opinion. The ALJ noted only that:

> no examiner appears to support a finding of disability except a one-time psychiatric evaluation by Oregon Health and Sciences University and this exam is refuted by a later examination by Dr. Seeto, a neurologist, who noted that her affect was appropriate. Her mental limitations are no more than moderate and do not preclude performance of all work.

TR. 16.

Such reference apparently relates to Dr. Wolf and his comprehensive psychiatric evaluation in March 2004.

Earlier in his opinion, the ALJ stated:

> She also had a psychiatric evaluation at Oregon Health and Sciences University on February 23, 2006 and was diagnosed with depression, however, she was only placed on Prozac(Exhibit 7F). The neurologist, Dr. Seeto, found her to have normal affect and did not find her to be depressed(Exhibit 8F). Her depression does not appear to limit all work because she earlier refused medication and it only appears to be episodic and more related to her lack of adjustment living in the United States.

8 - FINDINGS AND RECOMMENDATION

TR. 15.

Dr. Seeto, the neurologist, prepared a two page letter on August 23, 2005. TR 223. It is true he did not find plaintiff to be depressed, but he does not appear to have specifically addressed the question of depression. Similar to what the ALJ stated in the first quotation above, Dr. Seeto's[1] notation that plaintiff's affect was appropriate did occur after Dr. Wolf's evaluation in March 2004. However, as previously noted, Dr. Seeto's notation was in August of 2005, and six months later, on February 13, 2006, the psychiatric evaluation performed by Natalia White, MS, indicated that plaintiff's affect was "labile," or apt to change. TR 216. Ms White did not check the other options of "full range" or "appropriate" or "flat" or "restricted." Id.

As for memory, White's evaluation indicated "remote impaired," and, for cognitive, "poor concentration" was checked. Id. In the Priority for Service section, White checked "has a mental or emotional disorder that does not require hospitalization in the near future, but which significantly impacts ability to function in daily life." TR 217.

---

[1] Although not relied on for this opinion, it should be noted that Dr. Seeto is a neurologist and not a mental health professional.

9 - FINDINGS AND RECOMMENDATION

The record does not appear to indicate Dr. Wolf was a treating physician at the time he performed the comprehensive psychiatric evaluation in 2004. But he was an examining physician at such time. And the record appears to indicate that Dr. Wolf did treat plaintiff on at least two occasions in 2006. TR 214, 215. One of the handwritten chart notes from these visits refers to plaintiff's affect, but it is indecipherable. TR 214.

Based on the foregoing, the ALJ did not adequately reject the opinion of Dr. Wolf. The reasons given to reject Dr. Wolf's opinion are not specific and legitimate and supported by substantial evidence. As such, this action should be reversed and remanded for further proceedings with the following instructions.[2]

The majority of Dr. Wolf's opinions shall be credited as a matter of law as of their 2004 date. See <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995)(Generally, "[wh]ere the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion as a matter of law.") The ALJ does not necessarily have to credit or give great weight to Dr. Wolf's opinion that plaintiff "will not be able to sustain stresses of gainful

---

[2]Plaintiff argues that she should be found disabled, or, alternatively, that the action should be remanded for further proceedings. The latter is appropriate as it is not clear from the record that the ALJ would be required to find the claimant disabled with the crediting of evidence and instructions discussed above. See <u>Smolen v. Chater</u>, 80 F.3d 1273, 1292 (9th Cir. 1996).

10 - FINDINGS AND RECOMMENDATION

employment with an eight hour workday and day-to-day work activities in the nearest 12 months" (TR 152-153), as a doctor's statement about a claimant's ability to work is not a proper medical source opinion, but an administrative finding reserved to the Commissioner. SSR 96-5p. Disability has both a medical and vocational component. See 20 C.F.R. § 404.1560. Because a medical source does not have the expertise to comment on the vocational component of disability, a statement by a medical source that a person is unable to work is not accorded much weight. See 20 C.F.R. § 404.1527(e)(1). The ALJ must consider medical opinions about a claimant's condition and functional limitations, along with all other evidence in the record, to determine whether a claimant is disabled under the Social Security Act. SSR 96-5p.

The ALJ should consider contacting Dr. Wolf for further information and/or to clarify any ambiguities that arise in the reevaluation of plaintiff's case.

The ALJ shall revisit plaintiff's testimony and the ALJ's credibility analysis in which the ALJ found plaintiff to not be entirely credible. Although the credibility analysis did not solely rely on an asserted lack of objective medical evidence, a substantial part of the analysis did. As such, the credibility analysis should be revisited in light of the evidence from Dr. Wolf.

The ALJ shall also consider plaintiff's new argument in the Reply, i.e., the ALJ should consider if agency doctors overlooked and/or did not apply information from Dr. Wolf as to difficulty concentrating/remembering and consider whether such might lead to a finding that Listing 12.04 has been equaled. See Exh 4F, TR 187 and TR 176.

The ALJ shall also revisit plaintiff's residual functional capacity and step five of the sequential process for determining whether a person is disabled.

All other arguments have been considered and have been found not to be persuasive at this time or dispositive as to benefits at this time

### RECOMMENDATION

Based on the foregoing, the Commissioner's decision should be reversed and this action should be remanded for further proceedings consistent with this opinion.

DATED this 12 day of March, 2008.

Thomas Coffin
United States Magistrate Judge